UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE JEAN ROJAS,<br><br>                  Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>                  Defendant. | Case No. CV 19-06951-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 9, 2019, Diane Jean Rojas ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on November 25, 2019. (Dkt. 14.) On January 21, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 53 year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on March 4, 2016, alleging disability beginning August 18, 2015. (AR 23.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 18, 2015, the alleged onset date. (AR 26.)

Plaintiff's claims were denied initially on May 19, 2016, and on reconsideration on June 21, 2016. (AR 23.) Plaintiff filed a timely request for hearing on July 5, 2016. (AR 23.) On July 23, 2018, the Administrative Law Judge ("ALJ") MaryAnn Lunderman held a video hearing from Albuquerque, New Mexico. (AR 23.) Plaintiff appeared and testified in Los Angeles, California, and was represented by counsel. (AR 23.) Vocational expert ("VE") Patricia B. Ayerza, who is a Master's degree level vocational rehabilitation counselor, also appeared and testified at the hearing. (AR 23.)

The ALJ issued an unfavorable decision on August 23, 2018. (AR 23-36.) The Appeals Council denied review on July 5, 2019. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as ground for reversal and remand:

1.Whether the ALJ properly considered the examining physician's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

3

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 18, 2015, the alleged onset date. (AR 26.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease; sprains and strains; and arthritis. (AR 26-29.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 29.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c) with the following limitations:

> Specifically, climbing of ramps and stairs must be limited to frequently, while climbing of ladders, ropes, and scaffolds must be further limited to occasionally. Stooping (bending at the waist), kneeling, crouching (bending at the knees), and crawling must be limited to frequently. With the bilateral upper extremities all over head reaching or lifting above the shoulder must be limited to occasionally. Within the assigned workplace, there must be less than occasional (seldom to rare) exposure to extreme cold and heat, vibrations, and hazards, such as machinery and heights.

(AR 29-34.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 30.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a massage therapist. (AR 34.) The ALJ also made an alternative finding at step five of the sequential evaluation that, considering Claimant's age, education, work experience, and RFC, there are light jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of cashier II, mailroom sorter, and self-service door attendant. (AR 34-35.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 35-36.)

**DISCUSSION**

**I.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

The ALJ decision must be affirmed. Plaintiff's sole contention is that the ALJ erroneously rejected the opinion of consulting orthopedist Dr. Mark Wellisch. The Court disagrees. The ALJ rejected the opinion of Dr. Wellisch for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

5

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. Analysis

Plaintiff was a massage therapist and home health aide who injured her neck and lower back in a motor vehicle accident on August 18, 2015, the alleged onset date. (AR 26, 30, 31, 34.) She alleges disability due to back pain, neck pain, sciatic nerve, right hip pain, and foot pain. (AR 30.) She alleges daily pain in her neck, fingers, back, and shoulders. (AR 30.) She also alleges headaches and the mental impairments of affective and anxiety disorders. (AR 26.)

The ALJ did find that Plaintiff has the severe impairments of degenerative disc disease; sprains and strains; and arthritis. (AR 26.) The ALJ also found that Plaintiff's impairments of headaches, anemia, heart disorder, obesity and mental impairments are not severe. Notwithstanding the above impairments, severe and nonsevere, the ALJ assessed Plaintiff with a RFC for a reduced range of medium work. (AR 29.) Accordingly, the ALJ concluded Plaintiff was not disabled from the alleged onset date of August 18, 2015, through the date of decision on August 23, 2018. (AR 35, 36.)

On April 25, 2016, Plaintiff underwent an orthopedic consulting examination with Dr. Mark Wellisch following a motor vehicle accident in which she injured her neck or lower back. (AR 31, 473-478.) She complained of pain in her lower back that radiated down her right leg, pain in the right hand, and her feet hurt. (AR 31.) Dr. Wellisch noted that Plaintiff made vague allegations and walked slowly and "seemed to exaggerate her discomfort" as there is no

antalgic gait or ataxia. (AR 31, 473, 474.) She had tenderness and reduced range of motion in the spine but negative straight leg testing. (AR 31.) Her hips, knees, wrists, hands, and feet were normal. (AR 31.) She had normal strength in her upper and lower extremities and normal sensation. (AR 31.) Dr. Wellisch diagnosed multilevel cervical disc degeneration with probable nerve entrapment, single level lumbar disc degeneration without spinal stenosis or nerve root entrapment, bilateral adhesive capsulitis of the shoulders, degenerative arthritis of the right metacarpal joint, and mild osteoarthritis of the left knee. (AR 31.) Dr. Wellisch opined that Plaintiff was limited to lift and carry 10 pounds occasionally and less than 10 pounds frequently, can sit, stand, and walk six hours in an eight hour day, does not need a cane to ambulate, and has mild hand and finger impairments. (AR 33, 478.)

      The ALJ gave Dr. Wellisch's opinion "some weight," but rejected his restrictions that exceed than the RFC assessed by State agency reviewing physicians of less than a full range of medium work with postural, manipulative, and environmental limitations. (AR 33.) The ALJ gave several reasons for his assessment. First, the ALJ found that the above RFC was more consistent with the longitudinal objective medical evidence than Dr. Wallisch's RFC. (AR 33.) An ALJ may reject a physician's opinion that does not have supportive evidence, is contradicted by other assessments, is unsupported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195, and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. (ALJ need not accept a medical opinion that is inadequately supported by clinical findings). Examinations before and after Dr. Wellisch's report showed that she had reduced range of motion in her neck but normal motor strength, normal sensation, and negative straight leg raising. (AR 31, 410-411, 423, 426-427, 429-430, 432-433, 446-447, 489, 560.) In August 2016, an X-ray of Plaintiff's right knee was unremarkable. (AR 32.) In January 2017, Plaintiff had a normal physical examination except for a facial laceration. (AR 32.) She also had a normal neurological examination other than tenderness. (AR 32.) Dr. Wellisch did not address the objective medical evidence of record discussed above, some of which post-dated his opinion. Plaintiff

does not address the extensive longitudinal medical evidence inconsistent with Dr. Wellisch's opinion cited by the ALJ.

Second, the ALJ gave "great weight" to the opinions of State agency reviewing physicians that Plaintiff could perform less than the full range of medium work with postural, manipulative, and environmental limitations. (AR 33, 121, 136, 151, 165.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). As previously noted, the opinion of a non-examining physician may serve as substantial evidence when it is consistent with and supported by other independent evidence in the record as is the case here. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

Third, the ALJ found inconsistencies between Dr. Wellisch's opinion and his examinations, as explained by State reviewing physician Dr. R. Weeks. (AR 33.) These include vague allegations, lack of effort, and exaggeration of symptoms. (AR 31, 33, 133.) Dr. Weeks also noted that Dr. Wellisch's adhesive capsulitis diagnosis for Plaintiff's shoulders was inconsistent with the normal and painless range of motion in the upper extremities reflected in the medical evidence of record. (AR 133.) He further noted that Dr. Wellisch's diagnosis of degenerative arthritis of the right metacarpal joint was unsupported by and inconsistent with his entirely normal examination of Plaintiff's wrists and hands. (AR 133.) Dr. Wellisch's nerve root impairment was inconsistent with his findings of no loss of sensation or strength in the upper extremities. (AR 133.) Dr. Weeks noted Dr. Wellisch failed to explain "0 degrees" cervical spine flexion and "0 pounds" right grip strength. (AR 133.)

Plaintiff disagrees with the ALJ's interpretation of the evidence regarding Dr. Wellisch's opinion, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ rejected Dr. Wellisch's opinions to the extent inconsistent with Plaintiff's assessed RFC for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 24, 2020

                                                */s/ John E. McDermott*
                                                JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE